UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DELZER, Guardian Ad Litem for LEVI STANTON, | * * * | CIV. 16-4134 |
| Plaintiff, | * * | |
| vs. | * * | |
| XINYI GLASS (North America) CO. LTD.; XINYI GLASS HOLDINGS LIMITED; XINYI AUTOMOBILE GLASS (ShenZhen) CO., LTD. d/b/a XINYI GLASS "XYG", | * * * * * * | **DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO COMPEL** |
| Defendants. | * * | |

Defendants submit the following in opposition to Plaintiff's motion to compel.

## FACTUAL BACKGROUND

In September of 2014, Plaintiff, an employee of Dakotaland Autoglass, was injured when he was opening a crate of windshields. Defendants sell automobile glass, including windshields, in North America; Plaintiff alleges that the windshields that injured him originated with Defendants. However, it would appear that the crate involved in the accident was destroyed shortly afterwards, and, thus far, no records have been discovered that show its actual origin.

Defendants initially believed that the crate did not originate from either of their factories, as the inventory number contained an unfamiliar suffix rather than the suffixes their factories use. Because Plaintiff's recent submissions have suggested that the unfamiliar suffix was an internal code used by Dakotaland Autoglass, Defendants now concede that it is at least possible

1

that they were the source of the windshields; Defendants are in the process of supplementing their answers accordingly.

## ARGUMENT

Based on the recently provided information, Defendants are in the process of supplementing their responses to Interrogatories, 10, 11, 12, 13, 14, 15, 18, and 19, and Requests for Production 3, 4, 5, 6, 7, 8, 9, 10 and 18. However, Interrogatories 10 and 14, as well as Requests for Production 18, 19, 20, 21, 22, and 23 are overly broad and unduly burdensome.

Discovery may be had as to all nonprivileged matters that are relevant to any part's claim or defense. Fed. R. Civ. P. 26(b)(1). However, the Court will limit the extent of discovery if it determines that the discovery is unreasonably duplicative, cumulative, can be obtained from a more convenient source, or if the expense or burden of the discovery outweighs its benefit. Fed. R. Civ. P. 26(b)(2)(C)(i). "The party seeking discovery must make a threshold showing of relevance…Mere speculation that information might be useful will not suffice…" *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 348-49 (D.S.D. 2013).

Interrogatory 10 asks for information on any and all prior incidents concerning crate failures for the past nine years. This request is overly broad both as to timeframe and scope. Defendants have two manufacturing plants, only one of which is at issue in this case. Moreover, the request is not limited to the type of crate or windshield involved in the accident that injured Plaintiff. A request for all incidents with all crates from all factories for the past nine years casts too wide a net.

Interrogatory 14 asks how many similar crates were shipped to a particular buyer within a two year period, and for details related to each crate. Again, this request is overly broad as to the

timeframe. A two year history of shipments will not make it any more or less probable that the single crate that injured Plaintiff in September of 2014 originated with Defendants.

Requests for Production 18, 20, and 22 are likewise overbroad as to both timeframe and materials corrected. Presumably, Plaintiff is looking for a contract between the crate manufacturer and any of the Defendants to confirm that the manufacturer is, in fact, responsible for crates used in the timeframe of the accident. However, agreements pertaining to subjects other than supply or purchasing or dating from other time periods have no bearing on this issue.

Finally, Requests for Production 19, 21, and 23 have similar issues. Plaintiff is asking for detailed information on each and every purchase for the last eight and a half years. This is a massive request with very little possibility of payoff. Again, it would appear that Plaintiff is trying to establish the origin of the crate that was involved in the September 2014 accident. However, even if it were established that the crate in question originated from Defendants, a detailed history of crate purchases since 2010 will make no relevant fact more or less probable.

## CONCLUSION

Based on the revelation that the inventory number suffix was for Dakotaland Autoglass's internal usage, Defendants are in the process of responding to the discovery requests. However, they should not be compelled to respond to requests that are not narrowed to the timeframe and subject matter of this litigation.

Dated at Sioux Falls, South Dakota, this 12th day of June, 2018.

          DAVENPORT, EVANS, HURWITZ &
          SMITH, L.L.P.


          /s/ *Elizabeth S. Hertz*
          Thomas M. Frankman
          Elizabeth S. Hertz
          206 West 14th Street
          PO Box 1030
          Sioux Falls, SD 57101-1030
          Telephone: (605) 336-2880
          Facsimile: (605) 335-3639
          E-mail: tfrankman@dehs.com
          *Attorneys for Defendants*